In re Joseph D. SANTORO, Sr., Debtor.

Carol SCHWAGER, Plaintiff,

v.

Joseph D. SANTORO, Sr., Defendant.

Bankruptcy No. 80–00893–BKC–SMW.
Adv. No. 81–0167–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

June 5, 1981.

Reggie David Sanger, Ft. Lauderdale, Fla., for plaintiff.

Gary J. Rotella, Tamerac, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came on to be heard upon the petitioning creditor's Complaint for Relief from Automatic Stay. The Court, having heard the testimony of the witnesses and having examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

The debtor/defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 18, 1980. On February 25, 1981, pursuant to Bankruptcy Code Section 706, the petition was converted to a Chapter 11 proceeding.

The plaintiff is a holder of a judgment which was obtained against the debtor/defendant in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County. Pursuant to this judgment, a writ of execution was issued and docketed with the sheriff's department.

The plaintiff, in her search for property owned by the debtor, found this subject real property in Broward County, which the debtor has an undisputed interest in. Ac-cordingly, the property was duly scheduled for a sheriff's sale when the debtor filed this petition, thereby staying the state court action.

The plaintiff now seeks to have the automatic stay lifted in order to allow the state court action to proceed to sale. The plaintiff contends that the debtor has no equity in the property and that it is not necessary for the effective reorganization of the debtor.

Testimony was taken from the plaintiff's real estate appraiser, who was familiar with the property and who had recently visited the premises. The appraiser's estimate of the value of the property ranged from $110,000.00 to $117,907.00, based upon differing methods of valuation. The Court accepts this appraisal.

The debtor/defendant testified that a plan of reorganization would be forthcoming and that the plan would involve the use of this property, and accordingly, would be necessary for the effective reorganization of the debtor.

Section 362(d) of the Bankruptcy Code provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Based upon the evidence and testimony presented, the Court finds that the plaintiff is not adequately protected, as there is the following outstanding indebtedness on the property:

$45,000.00 plus interest on the first mortgage,

$6,853.04 plus interest on the second mortgage,

and a judgment for $95,000.00 plus costs, attorneys fees, and interest.

By using the most liberal figures of the plaintiff's appraiser, the Court finds that even a sale grossing $117,907.00 would not be adequate to retire the total amount of outstanding indebtedness. Likewise the Court finds that the debtor has no equity in the property.

The Court also finds that this property is not necessary for the effective reorganization of the debtor. The debtor/defendant testified that under the plan of reorganization, the property would be used as a business office. The Court, however, concludes that such a use of this property is not necessary for an effective reorganization of the debtor.

In accordance with the foregoing, the relief being sought by the petitioning creditor is hereby granted.

A judgment will be entered in accordance with these findings and conclusions.